**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE ORTIZ | ) | Case No. 2: 98-CV-1031 |
| Plaintiff | ) | |
| | ) | JUDGE ALGENON MARBLEY |
| vs. | ) | |
| | ) | **MOTION TO AMEND** |
| GEORGE VOINOVICH, et al. | ) | **JUDGMENT TO INCLUDE** |
| | ) | **PREJUDGMENT INTEREST** |
| Defendants. | ) | |

On September 12, 2005, a jury was impaneled before this Honorable Court to address constitutional violation under the Eighth and Fourteenth Amendments of the United States Constitution. The action was brought under the provisions of 42 U.S.C. §1983. The actions plaintiff sought redress for constitutional violations which occurred on November 9, 1996.

On September 15, 2005, the jury returned a verdict as follows:

Verdict 1. Against Defendant Bright, actual /compensatory damages $250,000.00; punitive Damages $100,000.00.

Verdict 2. Against Defendant Jordan, actual compensatory damages $25,000.00; punitive damages $250,000.00.

The judgment was filed by the Clerk of Court on September 20, 2005 finding for the plaintiff, in the amount of $625, 000.00.

The Plaintiff is requesting the Court, pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure to Amend the Judgment and award prejudgment interest on the entire judgment from the date of the incident through the date of judgment September, 15,

2005.  For the reasons set forth in the Memorandum of Law attached and incorporated herein.

Respectfully submitted,

/s/John J. Ricotta
John J. Ricotta, Esq. #0000778
425 Lakeside Avenue, 1st Floor
Cleveland, Ohio  44113
(216) 241-0715

## CERTIFICATE OF SERVICE

A copy of the Motion to Amend Judgment to Include Prejudgment Interest was served this    day of September, 2005 to the Office of the United States Attorney, Attention Ms. Carol Hamilton-O'Brien, Assistant United States Attorney, via electronic filing.

/s/John J. Ricotta
John. J. Ricotta
Counsel for Ms. Ortiz

JJR/djz

**MEMORANDUM OF LAW**

The United States Supreme Court has formulated federal principles to guide the recovery of prejudgment interest.  <u>Osterneck v. Ernst & Whinney</u>, 489 U.S. 169 (1989). In <u>West Vrginia v. United States</u>, 107 S. Ct 702 (1987), the Supreme Court has acknowledged "prejudgment interest is an element of complete compensation."

In <u>Osterneck</u> The factors the Court should examine are as follows. Whether prejudgment interest is necessary to compensate plaintiff fully for her injuries, the degree of personal wrongdoing on the part of the defendants . . . Whether plaintiff delayed in bringing or prosecuting the action, and other fundamental considerations of fairness."

The Sixth Circuit follows the rule that an action based upon federal question jurisdiction, an award of prejudgment interest is committed to the sound discretion of the trial court.  <u>E.E.O.C. v. Wooster Brush Co, Employees Relief Assoc</u>., 727 F. 2nd 566 (6th Cir. (1984).

In <u>Bricklayers's Pension Trust Fund v. Taiariol</u>, 671 F. 2nd 988 (6th Cir. 1982), the Court held *28 U.S.C. §1961* does not by its silence ban awarding of prejudgment interest in cases whose jurisdiction is grounded in resolution of federal question. Prejudgment interest is a measure that "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." "<u>West Virginia v. United States</u>, supra 311.

Interest Rate to Apply

To determine the appropriate rate of prejudgment interest the district court must determine what a reasonably prudent person investing funds so as to produce a

reasonable return while monitoring safety of principal.  It appears the circuit courts are split on the calculation of the rate of interest.  The Fifth, Eighth, and Seventh Circuit seem to rely on state statutory laws.  In Ohio State courts prejudgment interest is controlled by Ohio Revised Code §1343.03(c).  The Sixth Circuit appears to favor courts using the post judgment interest rate as codified in 28 U.S.C. §1961. *Thurman v. Yellow Freight Systems, Inc*, 90 F. 3rd 1160 (6th Cir. In 1996); *E.E.O.C. v. Wooster Brush Co. Employee Relief Assoc'n*; 727 F. 2nd 566 (6th Cir. 1984).

In *Golden State Transit v. Los Angeles, 773 F. Supp. 224 (C. D. Cal. 1991)*, the district court in California held that as a matter of federal law, prejudgment interest may be awarded to 1983 plaintiffs. Prejudgment interest is a matter if discretion based upon the competing equities of the parties.  The rate is the same federal Treasury Bill rate used by the courts in calculating post judgment interest.

The prejudgment interest should run from the date the defendant had notice of the wrongdoing until the entry of judgment on the verdict.

In November of 1996, it appears the treasury rate was 5.79. (See website www.ustreas.gov).

The court's utilization of this rate commencing November 9, 1996, compounded daily would result in a prejudgment award of $418,570.82 (See attached worksheet Exhibit A attached and incorporated herein).

## CONCLUSION

Wherefore the plaintiff requests the Court exercise its discretion and award her prejudgment interest.  The defendants' first offer to plaintiff was in March of 2004 in the amount of $5,000.00 dollars.  The defendants' final offer was a Rule 68 offer of payment

in the amount of $15,000.00 dollars. An award of prejudgment interest is necessary to make the monetary award fully compensatory.

                                          Respectfully submitted,

                                          /s/John J. Ricotta
                                          John J. Ricotta, Esq. #0000778
                                          425 Lakeside Avenue, 1st Floor
                                          Cleveland, Ohio  44113
                                          (216) 241-0715

<u>EXHIBIT A</u>

Compound Daily ….. Daily
Nominal Annual Rate …..:   5.790 %
Effective Annual Rate …..:   5.960 %
Periodic Rate ……………:   0.0159 %
Daily Rate ……………….:   0.01586 %

CASH FLOW DATA

| Event | Start Date | Amount | Number Period | End Date |
|---|---|---|---|---|
| Date of Incident | 11/09/1996 | 625,000.00 | 1 | |
| Judgment | 09/15/2005 | 1,043,570.82 | 1 | |

AMORTIZATION SCHEDULE – Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| 11/09/1996 | | | | 625,000.00 |
| 1996 Totals | 0.00 | 0.00 | 0.00 | |
| 1  09/15/2005 | 1,043,570.82 | 418,570.82 | 625,000.00 | 0.00 |
| 2005 Totals | 1,043,570.82 | 418,570.82 | 625,000.00 | |

Prepared by:   J. Franck Co., CPA
               1360 W. 9th Street, Suite 320
               Cleveland, Ohio  44113